UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PEDRO EDENILSON MUNOZ, *on behalf of himself and all other similarly situated individuals*,<br><br>　Plaintiff,<br><br>　　v.<br><br>BIG VALLEY, INC.,<br><br>　Defendant. | Civil Action No. 12-1627 (CKK) |

**MEMORANDUM OPINION**
(January 3, 2013)

Plaintiff Pedro Edenilson Munoz filed a collective action complaint seeking to recover damages from his former employer, Defendant Big Valley, Inc., for purported violations of the Fair Labor Standards Act ("FLSA"), 29 US.C. §§ 201 *et seq.*, and the District of Columbia Minimum Wage Act Revision Act ("D.C. Minimum Wage Act"), D.C. Code §§ 32-1001 *et seq*. *See generally* Compl., ECF No. [1]. Presently before the Court is the Plaintiff's [9] Motion to Facilitate Identification and Notification of Similarly Situated Employees, which the Defendant opposes. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court finds the Plaintiff failed to provide the bare minimum factual showing necessary for the Court to require the Defendants to disclose personal information[2] for all of its current and former employees since October 1, 2009, or for the Court to approve the notice of

---

[1] Pl.'s Mot., ECF No. [9]; Def.'s Opp'n, ECF No. [10]; Pl.'s Reply, ECF No. [11].

[2] Because the Court denies the Plaintiff's Motion, the Court does not reach the issue of whether the Defendant should be required to produce all of the requested information. *Cf. Encinas v. J.J. Drywall Corp.*, 265 F.R.D. 3, 7 (D.D.C. 2010) ("Because plaintiffs have not specifically justified their need for access to putative class members' phone numbers, the defendants will be ordered to produce only the names and last known addresses of putative class members.").

litigation proposed by the Plaintiff. Accordingly, for the reasons stated below, the Plaintiff's [9] Motion to Facilitate Identification and Notification of Similarly Situated Employees is DENIED WITHOUT PREJUDICE.

## I. BACKGROUND

The Complaint alleges that from April 1, 2011 through August 15, 2012, the Plaintiff was employed as a full time "general laborer" for the Defendant "at its business location in Washington, D.C." Compl. ¶¶ 8-10. The Plaintiff explains that the Defendant "distribute[s] food products," and that he worked as a "general laborer," but otherwise does not describe the nature of the Defendant's business or the scope of his own employment. Compl. ¶¶ 3, 10. The Plaintiff claims that over the course of his employment with the Defendant, he consistently worked approximately sixty-five hours per week and received a flat salary of $320 per week, which increased over time to $400 per week. *Id.* at ¶¶ 17-18; Aff. of P. Munoz, ECF No. [9-2], ¶¶4-5. The Plaintiff argues that his weekly salary only compensated him for "non-overtime hours worked each week," and that he was never paid for hours worked each week in excess of forty, in violation of both the FLSA and the DC Minimum Wage Act. Compl. ¶ 24. The Plaintiff requests relief in the form of unpaid overtime wages and liquidated damages under both statutes. *Id.* at ¶¶ 48, 54.

The Plaintiff asserts that he is aware of eleven other current and former employees of the Defendant "who are similarly situated in that they were not, or are not currently, paid by Defendant at the rate of one-and-one half (1½) times their regular rate of pay for all overtime hours worked each week." Munoz Aff. ¶ 9; Compl. ¶ 41. These potential class members allegedly have yet to join this action because "they are not aware of their rights to overtime compensation or because they fear that if they join this action they will be [sic] Defendant will

retaliate against them." Munoz Aff. ¶ 10; Compl. ¶ 41. The present motion seeks an order requiring the Defendant to disclose to the Plaintiff the full name, home address, home telephone number, work telephone number, cellular telephone number, work address, and e-mail address of every individual who has worked for the Defendant at any time since October 1, 2009, so as to allow the Plaintiff to identify other potential FLSA plaintiffs. Pl.'s Proposed Order, ECF No. [9-5].

## II. LEGAL STANDARD

The Fair Labor Standards Act provides for "collective actions" to recover damages from an employer for violation(s) of the statute, so long as each plaintiff consents in writing to joining the action:

> An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and *other employees similarly situated*. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b) (emphasis added). Collective actions brought under the FLSA are not subject to the provisions generally associated with class action under Federal Rule of Civil Procedure 23. *Castillo v. P & R Enterps., Inc.*, 517 F. Supp. 2d 440, 444 (D.D.C. 2007). Moreover, unlike a traditional class action in which class members must "opt-out" of participating in the suit, FLSA collective actions require each plaintiff to affirmatively "opt-in" to the lawsuit. *Lindsay v. Gov't Emps. Ins. Co.*, 448 F.3d 416, 419 (D.C. Cir. 2006).[3]

---

[3] The D.C. Minimum Wage Act contains a similar provision requiring individuals to opt-in to a collective action. D.C. Code § 32-1012(b). The Plaintiff's motion and proposed notice concern only the FLSA, therefore the Court's analysis is limited to potential members of a collective action under the FLSA only.

"Because trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute, it lies within the discretion of a district court to begin its involvement early, at the point of the initial notice, rather than at some later time." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989).  At this stage, the Plaintiff need only make a "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Castillo*, 517 F. Supp. 2d at 445 (citation omitted).  Once discovery closes, if, based on the factual record developed during discovery the Court determines that the class members are in fact similarly situated, the case may proceed as a collective action.  *Id.*[4]

### III.  DISCUSSION

The Plaintiff argues that he has met his burden to make the required factual showing insofar as

> Plaintiff, and others similarly situated individuals, were paid a flat weekly rate each week for performing their work duties.  Each week, Plaintiff and others worked more than forty (40) hours per week and were not paid as proscribed by the FLSA for overtime hours worked.  The weekly rate paid by Defendant to Plaintiff and other similarly situated individuals, as a matter of law, was only intended to compensate Plaintiff and others for non-overtime hours worked each week.  Accordingly, Plaintiff and others similarly situated individuals are owed overtime wages in the amount of one-and-one-half (1½) times their regular rate of pay for all overtime hours worked each week.

Pl.'s Mot. at 9.  The excerpt above constitutes the entirety the "factual showing" in the Plaintiff's motion.  Noticeably absent from the motion is any explanation as to *how* the Plaintiff is "similarly situated" to other former or current employees of the Defendant.  The Plaintiff's Affidavit offers only that he is similarly situated with at least eleven other individuals "in that

---

[4] Because the Plaintiff has not moved to conditionally certify a class, but rather requests an order to facilitate identification of potential class members, the impetus would be on the Plaintiff to move for class certification at the close of discovery.  *Cf. Castillo*, 517 F. Supp. 2d at 445.

they were not, or are not currently paid by the Defendant at the rate of one-and-one-half (1½) times their regular rate of pay for all overtime hours." Mundoz Aff. ¶ 9. In other words, the Plaintiff offers nothing more than conclusory allegations that other employees were not paid in accordance with the FLSA to establish they are "similarly situated" to the Plaintiff. The burden on the Plaintiff at this point is not stringent, but legal conclusions devoid of any factual basis are insufficient to show that the Plaintiff and the other individuals "were victims of a common policy or plan that violated the law." *Castillo*, 517 F. Supp. 2d at 445 (citation omitted).

The Plaintiff boldly asserts in his motion that "the mere fact that employees are categorized in a certain way by their employer or that employees may work in multiple locales is *irrelevant* to the issue of whether or not they are similarly situated." Pl.'s Mot. at 5 (emphasis added). Two employees may be similarly situated for purposes of the FLSA despite different responsibilities and work sites, but the Court has no way to make that determination on the present record. *Cf. Castillo*, 517 F. Supp. 2d at 446 (finding that although janitors at certain locations were represented by unions, "unionization d[id] not appear to affect how Plaintiffs and other janitors perform the work in their assigned buildings, nor how their hours are submitted to payroll for compensation," therefore location was irrelevant). The Court has literally no information as to when the eleven individuals mentioned by the Plaintiff worked for the Defendant, in what capacity they were employed, how they were paid, or how the Plaintiff has personal knowledge of their wages. The Plaintiff describes himself as a "general laborer" who received a weekly salary, but seeks personal information regarding every other current and former employee (within a particular time frame) of the Defendant regardless of how those employees were paid, and regardless of whether or not they are exempt from the FLSA in the first place. On this record, the Court cannot say that the Plaintiff has met his modest burden to

show that he and every other employee of the Defendant were "victims of a common policy or plan that violated the law."[5]

Without any analysis, the Plaintiff asserts that other courts in this District have accepted similar proffers in the context of the same type of motion---that is, a motion seeking information from the defendant(s) and notice to potential plaintiffs, but not conditional certification. In contrast to this case, the movants in the cases relied on by the Plaintiff provided substantially greater detail regarding why the movant was similarly situated to the group of employees whose information the movant sought.[6] For example, in *Brown v. On the Go Transportation, Inc.*, No. 10-371 (D.D.C. filed Mar. 5, 2010), Judge John D. Bates granted a similar motion, relying on two affidavits from named plaintiffs which explained that while employed by the defendants "'[d]rivers, including [each named plaintiff], regularly worked as much as seventy-five (75) hours per week,'" but did not receive any compensation for overtime hours. *Brown v. On the Go Transp., Inc.*, No. 10-371, Mem. Opin. & Order at 3 (D.D.C. filed Aug. 9, 2010). Similarly, Judge Richard J. Leon granted the same type of motion based on representations from the Plaintiff that she

> ha[d] personal knowledge that other current and former employees of Defendants (who are similarly situated in that they worked for Defendants' at their dry cleaning facilities, they provided dry cleaning services, they were paid on an hourly basis, they were paid in cash by Defendants, and they did not perform work that would qualify them as exempt from the overtime requirements of the FLSA) worked in excess of forty (40) hours per week on a regular basis for

---

[5] This is not to say that the Plaintiff could not seek certification of a class comprised of a specific subset of employees, but at this point the Plaintiff has sought information regarding *all* current and former (since October 1, 2009) employees of the Defendant, and thus must make the required showing as to that entire set of individuals.

[6] Although cited by the Plaintiff, the Court does not analyze Judge Ricardo M. Urbina's order in *Barringer* because that plaintiff's motion was granted as conceded. *Barringer v. U.S. One Transp.*, No. 10-1656, Mem. Order (D.D.C. filed Jan. 24, 2011).

>Defendants during the relevant time period. These employees also were not compensated at a rate of one and one-half (1½) times their regular rate for overtime hours.

*Malalgodapitiya v. JAAM, Ltd.*, No. 06-430, Pl.'s Mot. to Facilitate Identif. & Notif. of Similarly Situated Emps. at 2-3 (D.D.C. filed June 8, 2006); *see Malalgodapitiya v. JAAM, Ltd.*, No. 06-430, Order (D.D.C. filed Jan. 9, 2007).

Finally, Judge Beryl A. Howell granted a similar motion upon the plaintiff's showing that she had personal knowledge that other employees of the defendants were similarly situated insofar as they each "(1) danced for Defendants as exotic dancers at their club; (2) were paid a dance shift wage; (3) were paid in cash by Defendants; (4) and had their wages unlawfully withheld and were not compensated at the rate of the prescribed minimum wage or higher, as required by law." *Thompson v. Linda & A, Inc.*, No. 09-1942, Pl.'s Mot. to Facilitate Identif. & Notif. of Similarly Situated Emps. at 10 (D.D.C. filed Jan. 29, 2010); *see Thompson v. Linda & A, Inc.*, No. 09-1942, Order (D.D.C. filed May 6, 2010). In each of these cases, the plaintiff(s) submitted affidavits reflecting their personal knowledge that individuals employed in similar roles were paid by a similar method, which violated the FLSA. The Plaintiff's affidavit in this case omits any factual statements regarding the other employees' roles or payment method(s), and simply leaps to the legal conclusion that the payment of those individuals violated the FLSA. The Court cannot rely on the Plaintiff's assertion that he is similarly situated to other individuals; the Plaintiff must submit *some* factual basis from which the Court can conclude the Plaintiff and other employees were similarly situated and suffered from a common policy that violated the FLSA.

## IV.  CONCLUSION

For the foregoing reasons, the Court finds the Plaintiff failed to make the modest showing

that he is similarly situated to all other current and former employees of the Defendant for purposes of the FLSA, which is necessary before the Court may (1) require the Defendant to disclose the personal information of all other employees, or (2) approve the proposed notice to potential plaintiffs regarding this lawsuit.  The Plaintiff's motion and affidavit offer only the conclusory allegation that the Plaintiff knows of other individuals employed by the Defendant whose pay violated the FLSA.  The Plaintiff failed to provide any facts to show that the Plaintiff and other employees were subject to a common policy or plan that violated the FLSA.  Accordingly, the Plaintiff's [9] Motion to Facilitate Identification and Notification of Similarly Situated Employees is DENIED WITHOUT PREJUDICE.  An appropriate Order accompanies this Memorandum Opinion.

                                                   */s/*
                                           **COLLEEN KOLLAR-KOTELLY**
                                           UNITED STATES DISTRICT JUDGE